# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

ENID MARTINEZ,

                    Defendant.

Case No. 20-CR-30-21-JPS

**ORDER**

## 1. INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited June 5, 2024). Part B of Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the "Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA]

(last visited June 5, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In January 2024, Defendant Enid Martinez ("Defendant") moved for a sentence reduction under Amendment 821. ECF Nos. 1151, 1152. Defendant specifically moves for relief under the Zero-Point Offender Amendment, contending that she did not receive any criminal history points and that her case does not involve any of the nine aggravating factors set forth in § 4C1.1(a). *Id.*

## 2. LAW AND ANALYSIS

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

Case 2:20-cr-00030-JPS   Filed 06/05/24   Page 2 of 4   Document 1176

court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to exceptions not applicable here. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Zero-Point Offender Amendment. ECF No. 950 at 14. Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821. Applying the Zero-Point Offender Amendment, Defendant's amended Guidelines range would be 70 to 87 months' imprisonment. The 38-month sentence that Defendant originally received falls below the minimum of that amended range. ECF No. 973 at 2. It also fell below the original Guidelines range of 87 to 108 months' imprisonment. ECF No. 968 at 1; *see also* U.S.S.G. § 1B1.10 app. note 3 (noting that "[i]f the term of imprisonment [originally] imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies").

Accordingly, the Court is constrained to deny Defendant's motions for a sentence reduction under Amendment 821, ECF Nos. 1151, 1152, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

Accordingly,

**IT IS ORDERED** that Defendant Enid Martinez's motions to reduce her sentence under Amendment 821, ECF Nos. 1151, 1152, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge